IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD CHAPPELL, | ) | CASE NO. 4:23-CV-02235-DAR |
| | ) | |
| Plaintiff, | ) | DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN HAROLD MAY[1], | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

I.     **Introduction**

Petitioner, Ronald Chappell, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Chappell is currently serving two-year prison term followed by eighteen months of post-release supervision for having a weapon under disability.[2] Chappell asserts two grounds for relief. (ECF Nos. 1 , 5-1, and 7-1).

On December 16, 2024, this matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Chappell's petition and other case-dispositive motions. Upon initial review of the pleadings, this Court ordered Chappell to show cause why this Court should not recommend dismissal of the petition in its entirety. Chappell responded to the Court's show cause order on January 6, 2025. (ECF No. 11).

---

[1] The case caption has been changed to reflect the current Warden at Mansfield Correctional Institution.

[2] Chappell's expected release date/supervision start date is January 29, 2025.

1

Because both grounds raised in Chappell's petition are not cognizable, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II. Relevant Factual Background

The Ohio Court of Appeals for the Seventh Appellate District set forth the following facts[3] on direct appeal:

> Appellant is a self-described investigative journalist who regularly posted YouTube and Instagram videos in which he raised allegations of drug dealings, inappropriate relationships among public officials, gang activity, and other corruption and crimes in the area. Appellant's method was to walk around public areas speaking into his phone or videotaping while discussing his claims.
>
> On July 1, 2022, Appellant walked down the middle of Market Street at 4:06 a.m. as he filmed himself speaking. Sergeant David Sheely of the Boardman Police Department became concerned as he drove by and stopped to conduct a welfare check on Appellant. After Appellant provided his name, Sgt. Sheely called dispatch to confirm Appellant's identity and learned that he had an active warrant in Youngstown. Sgt. Sheely was also informed that Appellant was under a weapons disability based on a prior conviction.
>
> Sgt. Sheely conducted a patdown of Appellant for safety purposes and felt a hard object when patting down the front left pocket. He inquired about this object and Appellant informed him that it was a magazine for a firearm located in another pocket. Sgt. Sheely found a loaded Taurus G2c 9mm firearm that also had a bullet in the chamber. In total, officers seized a gun and four magazines from Appellant's person.

*State v. Chappell*, 2024-Ohio-1541, ¶¶ 2-4, *appeal not allowed,* 2024-Ohio-2373, ¶¶ 2-4, 174 Ohio St. 3d 1507, 236 N.E.3d 231.

## III. Relevant State Procedural History

### A. Indictment

---

[3] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

2

"[O]n July 28, 2022, Appellant was indicted on one count of having weapons while under a disability, a felony of the third degree in violation of R.C. 2923.13 (A)(2), (B), and one count of carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12 (A)(2), (F)(1)." *Id.*, 2024-Ohio-1541, ¶ 5.

### B. Trial and Sentencing

After a trial in which Appellant represented himself pro se, a jury convicted him on both counts as charged. Appellant conceded that the weapon was concealed and that he was under a disability, but argued that he carried the gun under duress due to the danger he believed he faced as a result of his investigative journalism. The court did not instruct the jury on duress, finding that Appellant had not satisfied the elements.

At the sentencing hearing, the court voiced concern over the lengths Appellant would go to protect himself due to his belief there was some sort of a conspiracy against him. Although the pre-sentence investigation report recommended community control, the court imposed a prison sanction. The court rejected the state's recommendation of three years, instead sentencing Appellant to two years of incarceration with 100 days of credit. It is from the court's May 11, 2023 sentencing entry that Appellant timely appeals.

*Id.*, 2024-Ohio-1541, ¶¶ 6-7.

### C. Direct Appeal

On appeal, Chappell raised three assignments of error:

1. The trial court committed reversible error and abused its discretion when it failed to charge the jury on the affirmative defense of duress.

2. The trial court committed reversible error and an abuse of discretion when it failed to grant the Appellant's request to show the jury additional evidence, namely video of the night of the incident (7/1/22) and with no objection, plain error is implicated.

3. The trial court erred by imposing a sentence clearly and convincingly contrary to law, by issuing a determinative sentence to Appellant of two years of prison considering his mental health issues.

*Id.*, 2024 WL 1718023 at *3, *5, *6. On March 27, 2024, the state appellate court overruled Chappell's assignments of error and affirmed his conviction and sentence. *Id.*, 2024-Ohio-1541, ¶ 45.

    **D.**    **Appeal to the Ohio Supreme Court**[4]

On May 3, 2024, Chappell appealed pro se to the Ohio Supreme Court. Chappell's memorandum in support of jurisdiction raised the following propositions of law:

> **Proposition of Law I:** In my situation the correct definition of imminent should be as ruled in state v. blade, 2023ohio-658. Please see my explanation of why this case is of public or great general interest for argument.
>
> **Proposition of Law II:** Under the unique circumstances of my case I reasonably believed carrying my gun prior to leaving my house was necessary and designed to avoid the greater harm. Please see my explanation of why this case is of public or great general interest for argument.
>
> **Proposition of Law III:** my fear of imminent harm was real and present on 7-1-22 despite the street being empty at time of my arrest. Please see my explanation of why this case is of public or great general interest for argument.
>
> **Proposition of Law IV:** Refusing to give jury instruction for my defense violated my right to due process and fair trial secured by the 14th and 6th amendments because it took away my right to present a defense to the charges against me. Please see my federal habeas case in us district court northern district of ohio case # 4:23cv02235 for argument. You can also see my trial transcripts attached.
>
> **Proposition of Law V:** I was not at fault for creating the situation. Please see my explanation of why this case is of public or great general interest for argument.
>
> **Proposition of Law VI:** I satisfied all elements of duress and jury instruction was warranted. Please see my explanation of why this

---

[4] The case information pertaining to Chappell's appeal to the Ohio Supreme Court can be found online with the Supreme Court of Ohio Office of the Clerk, 2024-0618: *State of Ohio v. Ronald James Chappell*, https://www.supremecourt.ohio.gov/clerk/ecms/#/caseinfo/2024/0618, (last visited 1/7/2025).

> case is of public or great general interest and statement of the case for details.

(*Memorandum in Support of Jurisdiction* at 4-5). On June 25, 2024, the Ohio Supreme Court declined jurisdiction. (*See* announcement at 2024-Ohio-2373).

## IV. Federal Habeas Corpus Petition

On November 17, 2023, Chappell petitioned pro se that this Court issue a writ of habeas corpus asserting the following grounds for relief:

> **Ground One:** My conviction is in violation of due process of law, fair trial; and right to present a complete defense because trial court refused to instruct Jury on my requested instruction of duress when it was available by law and sufficiently supported by the evidence. This violated my rights to due process of law, Fair trial, right to present a complete defense which are secured and guaranteed by the 5th, 6th, 14th Amendments of the United States Constitution.
>
> *
>
> **Ground Two:** I'm actually innocent and my conviction is the result of a manifest miscarriage of Justice as stated in *Murray v. Carrier*, 477 US 478, 496 and *Renz v. Scott*, 28 F.3d 431, 432.

(ECF No. 1 at 8, 15). Chappell thereafter amended his petition further explaining these two grounds. (*See* ECF Nos. 5-1, 7-1). Chappell asserts that Ground One is fully exhausted and acknowledges that Ground Two is raised for the first time in his habeas petition "under actual innocence and fundamental miscarriage of justice exception." (ECF No. 7-1 at 2).

## V. Legal Standards

### A. Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates*

5

*v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### B. Exhaustion

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id*. (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally

6

defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### C. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented

7

at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from

8

the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

VI. **Discussion**

    A. **Ground One**

In Ground One, Chappell argues that the trial court erred by not instructing the jury on his defense of duress. Chappell first raised this issue in his direct appeal. *See* Merit Brief of Defendant-Appellant Ronald James Chappell, *Ohio v. Chappell*, No. 2023 MA 68 (Ohio App. 7 Dist. Aug. 14, 2023), 2023 WL 9379310, at *7–13. There Chappell argued "that the trial court committed reversible error and an abuse of discretion by reason of its decision to not charge the jury on the affirmative defense of duress, despite prima facie evidence presented during the trial by him by a preponderance of the evidence." *Ohio v. Chappell*, 2023 WL 9379310 at *7 (citing Ohio Rev. Code § 2901.05(C) and (D)(1)(b)). Additionally, Chappell argued that "the trial court's failure to give the jury instruction on duress deprived [him] of his due process rights under both the 5th and 14th Amendments of the United States Constitution and his inalienable rights under Article I, section 1 (inalienable rights) and section 5 (trial by jury)." *Id.* at *9. The state appellate court overruled Chappell's issue citing only Ohio case law. *See Chappell*, 2024-Ohio-1541, ¶ 17–23, 2024 WL 1718023, at *3–*5. The appellate court stated that the concealed carry statute "appear[s] to permit a person having a reasonable fear of criminal attack to carry a concealed weapon to protect him or herself while engaged in lawful activity *only when that person is not prohibited by law from owning that weapon*." *Id.* at ¶ 20 (emphasis added). Additionally, the appellate court

9

found that even if Chappell was not prohibited by law from owning that weapon, he "failed to provide proof sufficient to meet any of the elements of duress" and, thus, the trial court "properly withheld the instruction from the jury[.]" *Id.* at ¶ 23.

Chappell now argues that by failing to instruct on his defense of duress the trial court violated his Fifth, Sixth and Fourteenth Amendment rights. (*See* ECF No. 1 at 8, ECF No. 5-1 at 1–3, and ECF No. 7-1 at 3–10). Chappell has not argued that he was prevented from putting forth evidence supporting his theory of defense. Instead, Chappell argues that the state court unreasonably applied the legal rules about jury instructions to the facts presented at trial and that the appellate court erred by upholding the trial court's decision not to give the instruction to the jury.

It is well established that "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Lakin v. Stine*, 80 F. App'x 368, 373–74 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 67-68). "[A] trial court's decision about whether to provide a jury instruction is not the kind of fact-based determination subject to scrutiny under § 2254(d)(2)." *See McMullan v. Booker*, 761 F.3d 662, 670 (6th Cir. 2014)). "Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (citing 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. 62 at 67–68); *Dalmida v. Turner*, No. 19-3627, 2020 WL 7873080, at *5 (6th Cir. July 22, 2020). "The exception is when the instruction is so flawed as a matter of state law as to 'infect[ ] the entire trial' in such a way that the conviction violates federal due process." *Id.* (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The Supreme Court's decision in *Gilmore v. Taylor* "suggests that the due process

10

right to present a complete defense concerns the presentation of defense evidence and does not extend to 'restrictions imposed on a defendant's ability to present an affirmative defense.' " *Burns v. Jackson*, No. 1:20-CV-1003, 2020 WL 6689316, at *8, n.1 (W.D. Mich. Nov. 13, 2020) (quoting *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993) (holding that even where jury instructions "created a risk that the jury would fail to consider evidence that related to an affirmative defense," the state defendant's claim of instructional error would create a new rule that could not be the basis for federal habeas relief.)). "[I]f the defense is not available as a matter of law or the evidence is insufficient to establish the defense, it is not a constitutional violation for the trial court to refuse to instruct regarding the defense[.]" *Id.*, 2020 WL 6689316, at *8.

Chappell must show that the state trial court "not only misread state law," but also that the trial court "misread it so badly that it violated the Sixth and Fourteenth Amendments." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020). In making that showing, Chappell must demonstrate the challenged instruction violated "clearly established United States Supreme Court decisions" by pointing to "concrete" holdings, not "generalized principles." *Id.* (citations omitted).

"The starting point for this due process analysis is whether the petitioner was erroneously deprived of a jury instruction to which he was entitled under state law." *Gimotty v. Elo*, 40 Fed. App'x 29, 32 (6th Cir. 2002) (citations omitted). "In determining whether a petitioner was entitled to a defense under state law, federal courts must defer to state-court interpretations of the state's laws, so long as those interpretations are themselves constitutional." *Id.* (citation omitted). The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to

11

establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See Lakin,* 80 F. App'x. at 373 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)).

Chappell has not shown that he was erroneously deprived of a jury instruction that he was entitled to as a matter of state law. *See Chappell*, 2024-Ohio-1541, ¶ 20 ("While the statute does not mention duress, it does appear to permit a person having a reasonable fear of criminal attack to carry a concealed weapon to protect him or herself while engaged in lawful activity *only when that person is not prohibited by law from owning that weapon*.") (emphasis added). Ohio Revised Code § 2923.12(D)(2) states:

> (D) It is an affirmative defense to a charge under division (A)(1) of this section of carrying or having control of a weapon other than a handgun and other than a dangerous ordnance that the actor was not otherwise prohibited by law from having the weapon and …

Thus, the statute provides that a defendant is not entitled to assert an affirmative defense if that defendant is otherwise barred from having the weapon. Ohio Rev. Code § 2923.12(D)(2); *See State v. Mitchell,* 11th Dist. No. 2001-L-042, 2003-Ohio-190 (Under Ohio law, the affirmative defense of duress does not apply to a charge of carrying a concealed weapon where the defendant is prohibited by law from having a weapon.).

Chappell was indicted for having a weapon under disability and carrying a concealed weapon in violation of Ohio Rev. Code § 2923.13(A)(2), (B) and 2923.12(A)(2). Chappell conceded that the weapon was concealed and that he was under a disability. *See Chappell*, 2024-Ohio-1541, ¶ 6. Accordingly, Chappell was statutorily precluded from asserting this affirmative

12

defense for the crime of carrying a concealed weapon because he was "otherwise prohibited by law from having the weapon."

Additionally, this affirmative defense was not available as a matter of law to the charge of having a weapon under disability. Having a weapon while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is * * * convicted of any felony offense of violence." Ohio Rev. Code § 2923.13(A)(2). Unlike the carrying a concealed weapon statute, the weapon under disability statute does not specifically provide affirmative defenses. Ohio appellate courts have held that the affirmative defense to carrying a concealed weapon applies only to a charge of carrying a concealed weapon under Ohio Rev. Code § 2923.12 and is not available as a defense to a charge under any other section, including a charge of carrying a firearm while under disability, in violation of Ohio Rev. Code § 2923.13. *State v. Fryer*, 90 Ohio App. 3d 37, 44, 627 N.E.2d 1065, 1069–70 (1993)(analyzing prior version of Ohio Rev. Code § 2923.12); *Mitchell*, 2003-Ohio-190 (Jury instructions of duress, necessity, or defense of another in prosecution for carrying a concealed weapon were precluded by statute as affirmative defenses were only available for defendants not otherwise prohibited by law from having weapon, and defendant, being under disability, was so prohibited.). Accordingly, Chappell "was not entitled to use the affirmative defense[] [of duress] as [a] defense[] to the charge of having a weapon while under disability." *Id.*, 2003-Ohio-190, ¶ 28.

Moreover, even if the instructions were allowed by statute, Chappell has not demonstrated that the appellate court misread Ohio law so badly that it violated his Sixth and Fourteenth Amendment rights. *Keahey*, 978 F.3d at 478. "The circumstances under which the defenses of duress or necessity may be asserted is a question of state law." *Lakin*, 80 F. App'x at 373. The

Ohio Supreme Court has held that the duress defense "is strictly and extremely limited in application and will probably be effective in very rare occasions. It is a defense and not a conjured afterthought." *State v. Cross*, 58 Ohio St.2d 482, 488 (1979). To establish the affirmative defense of duress in Ohio, the criminal defendant must prove the following elements by a preponderance of the evidence:

> (1) a harm due to the pressure of a human force; (2) the harm sought to be avoided was greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believed at the moment that his act was necessary and was designed to avoid the greater harm; (4) the actor was without fault in bringing about the situation; and (5) the threatened harm was imminent, leaving no alternative by which to avoid the greater harm.

*In re J.C.*, 2022-Ohio-850, ¶ 13, 2022 WL 819038 (5th Dist. March 18, 2022) (quoting *City of Cincinnati v. White*, 2020-Ohio-1231, ¶ 17 (1st Dist. March 31, 2020) (quoting *State v. Flinders*, 2012-Ohio-2882, ¶ 30 (9th Dist. June 27, 2012)). "The duress defense 'is strictly and extremely limited in application and will probably be effective in very rare occasions." *Id*. (cleaned up) (quoting *White*, 2020-Ohio-1231 at ¶ 18 (quoting *Cross*, 58 Ohio St.2d at 488)).

In reviewing Chappell's issue on direct appeal, the Seventh District stated that Chappell failed to establish *any*, let alone all, of the elements needed to assert the affirmative defense of duress:

> In regard to the first, third, and fifth elements, the trial court determined Appellant did not face any specific harm. The court noted that Appellant admitted the street was empty and so Appellant faced no harm at the time he was stopped. As to the second element, because there was no active threat, the court found that it is impossible to demonstrate that a firearm is an equal response to a non-existent threat. Finally, in regard to the fourth element, the court found Appellant bore at least some responsibility for bringing about the situation. While the court acknowledged that Appellant believed he was acting as an investigative journalist raising issues of corruption and crime, this was his choice. The court also noted that Appellant could have filmed his video at home instead of in the middle of Market Street.

14

> Many of Appellant's fears were not realistic or stemmed from questionable threats. The specific examples raised by Appellant did not involve active threats, each occurring months or years prior to the incident. In one specific instance Appellant addressed, he claimed that a car full of people exited the vehicle in front of his house, which is surrounded by fields, and stood there. There is no evidence that any person made a threat against Appellant or that any of these people were affected, or hired by someone affected, by one of Appellant's allegations. Appellant also claimed that he received a threat after he revealed that a Mexican cartel member is a homosexual. Appellant's claim was not related to corruption or crime and was, instead, an allegation regarding this person's private life. Either way, there is no evidence that this alleged cartel member, who lives in Mexico, was an active threat to Appellant.
>
> While Appellant may have believed that he faced some sort of danger related to his reporting, it is clear that he failed to provide proof sufficient to meet any of the elements of duress. Thus, the court properly withheld that instruction from the jury and Appellant's first assignment of error is without merit and is overruled.

*Chappell*, 2024 WL 1718023, at *3–5.

"A defendant 'is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.'" *Lakin*, 80 F. App'x at 374 (quoting *Mathews v. United States,* 485 U.S. 58, 63 (1988)). "However, a court need not instruct on the defense of duress or justification if the evidence is insufficient as a matter of law to support the defense." *Id*. (citing *United States v. Bailey,* 444 U.S. 394, 412–15 (1980)).

Chappell has not rebutted by clear and convincing evidence the presumption of correctness afforded to the state appellate court's factual findings and this reviewing habeas Court must accept the state appellate court's factual findings and interpretation of Ohio law. Consequently, Chappell has not established an error, let alone an error that rendered his trial fundamentally unfair and violated his federal due process rights.

Accordingly, Ground One should be dismissed as not cognizable.

### B. Ground Two

In Ground Two, Chappell argues that he is actually innocent of the alleged offense. (*See* ECF No. 1 at 15 ("I'm actually innocent and my conviction is the result of a manifest miscarriage of justice); ECF No. 7-1 at 11).

"The Sixth Circuit has repeatedly held that actual innocence does not constitute a free-standing ground for habeas review." *Jones v. Sheldon,* No. 3:21-CV-01767-JPC, 2022 WL 20486845 (N.D. Ohio Oct. 13, 2022), *report and recommendation adopted,* No. 3:21-CV-1767, 2023 WL 4858520 (N.D. Ohio July 31, 2023) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007); *See also Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir.), reh'g denied (July 1, 2020), *cert. denied*, 208 L.Ed. 2d 236, 141 S. Ct. 634 (2020); *Thomas v. Perry*, 553 F. App'x 485, 486 (6th Cir. 2014) ("Thomas' freestanding claim of actual innocence based on newly discovered evidence is not cognizable on federal habeas review"); *Sitto v. Lafler*, 279 F. App'x 381, 382 (6th Cir. 2008) ("[W]e continue to adhere to the rule that a free-standing innocence claim is not cognizable for habeas review"); *Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent."); *Hoop v. Jackson*, No. 1:06-cv-603, 2015 WL 6735895, at \*22 (S.D. Ohio Nov. 4, 2015) ("Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim."); *Carter v. Bradshaw*, No. 3:02CV524, 2015 WL 5752139, at \*51 (N.D. Ohio Sept. 30, 2015); *Keenan v. Bagley*, No. 1:01 CV 2139, 2012 WL 1424751, at \*48 n.28 (N.D. Ohio April 24, 2012); *Johnson v. Kelly*, No. 1:13 CV 1381, 2015 WL 1298711, at \*11 (N.D. Ohio March 23, 2015) (adopting report and recommendation)). A claim of actual innocence can provide a gateway for an otherwise barred constitutional claim, but it is not an independent claim for habeas relief. *Valentin v. Tanner*,

No. 23-1207, 2023 WL 5748143, at *2 (6th Cir. Sept. 1, 2023) (citing *Schlup*, 513 U.S. at 314-15; *Herrera v. Collins*, 506 U.S. 390, 404 (1993)); *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013) (Actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations); *Coleman* , 501 U.S. at 749–50 (a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."). The Supreme Court has not recognized a free-standing claim of actual innocence. *Valentin*, 2023 WL 5748143, at *2 (citing *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020)). Thus, Chappell's Ground Two is not cognizable and relief should be denied.[5]

## VII. Certificate of Appealability

### A. Legal Standard

---

[5] Even if this Court reviewed Ground Two as a constitutional challenge to the concealed carry and/or weapon under disability statutes as applied to Chappell, Ground Two should be dismissed as it is procedurally defaulted. (*See* ECF No. 7-1 at 11 ("both ORC 2923.13 and 2923.12 are unconstitutional as applied to me and the particular facts of my case")). Chappell acknowledges that Ground Two is procedurally defaulted as he raised it first on habeas review. (*See* ECF No. 7-1 at 2). Although Chappell attempts to argue actual innocence/fundamental miscarriage of justice, he really argues *legal* innocence and legal innocence is not an excuse for failing to exhaust. *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence." (cleaned up and citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up) (concerning § 2255). Chappell does not claim that new evidence shows he is factually innocent of carrying a weapon. Rather, he claims that he is innocent because the jury was not instructed on his defense of duress. (*See* ECF No. 1 at 15 ("[Ground One shows] that a constitutional violation prevented me from proving my innocence. Not allowing jury to entertain my defense of duress prevented me from proving my innocence . . . If jury was allowed to entertain my [d]uress defense no reasonable juror would have found me guilty."); ECF No. 7-1 at 11 ("On 7-1-22 I carried a gun in my pocket while out walking in order to defend myself…")). Accordingly, Chappell's challenge to the jury instructions rests upon asserted legal innocence. *See Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006). Thus, Ground Two would also fail as it is procedurally defaulted.

17

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.   Analysis

Chappell's grounds for relief are not cognizable. If the Court accepts the foregoing recommendation, then Chappell has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII.   Recommendation

Chappell has presented only not cognizable claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: January 23, 2025

    *s/Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).